ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
LEWIS R. WARREN, State Bar 115411
100 Stony Point Road, Suite 200
P.O. Box 1566
Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050
Facsimile: (707) 542-2589

Attorneys for Creditor, Geneva Leasing Associates, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
(SANTA ROSA)

| | |
|---|---|
| In Re<br><br>SONOMA VINEYARD ESTATES, LLC<br><br>Debtor. | Case No. 10-13447<br>Chapter 11<br><br>**Date: January 13, 2011**<br>**Time: 9:00 a.m.**<br>**Location: 99 South E St., Santa Rosa, CA** |

**GENEVA LEASING ASSOCIATES' MOTION FOR RELIEF FROM STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

COMES NOW, GENEVA LEASING ASSOCIATES ("Geneva"), and moves this Court for an order granting relief from stay pursuant to 11 U.S.C. Section 362, subdivisions (d)(2) and (d)(3), as follows:

**I. INTRODUCTION**

Geneva is the holder of a Secured Promissory Note payable by Debtor, Sonoma Vineyard Estates, LLC ("Debtor"), in the principal amount of $5,800,000 (the "Note"). (Declaration of Robert Williams, ¶ 2.) The Note is secured by a Deed of Trust against Debtor's real property located at 4800 and 5750 Stage Gulch Road, Sonoma, California (the "Property"). (Declaration of Robert Williams, ¶ 3.)

Debtor has failed to make the payments owing to Geneva under the Note and has not made any payments to Geneva since December 5, 2008. (Declaration of Robert Williams, ¶ 4.) As of December 7, 2010, approximately $8,258,784 is due and owing to Geneva under the Note, as follows:

| | | |
|---|---|---|
| Principal Balance: | $5,800,000.00 | |
| Interest to 11/19/10: | $2,212,700.00 | |
| Late Fees | $105,850.00 | |
| Legal Fees | $53,499.00 | |
| Real Estate Taxes | $104,563.00 | |
| Insurance | $9,372.00 | |
| Foreclosure fees to date: | $25,000.00 | |
| TOTAL AMOUNT DUE: | $8,310,984.00 | |

(Declaration of Robert Williams, ¶ 5.) Interest continues to accrue at the rate of $2,900.00 per day. (*Ibid.*) Geneva recorded a Notice of Default for the Deed of Trust on February 23, 2009 and a Notice of Sale on July 20, 2010. (Declaration of Robert Williams, ¶ 6.)

Debtor filed the instant bankruptcy proceeding on September 7, 2010, thereby staying, automatically, Geneva's scheduled trustee's sale. (Request for Judicial Notice, Exhibit A.) On October 18, 2010, Geneva filed a Motion for Determination of Single Asset Real Estate, which was granted by the Court at a hearing on November 12, 2010. (Request for Judicial Notice, Exhibit B.)

## II. LEGAL ARGUMENT AND AUTHORITIES

**A. GENEVA IS ENTITLED TO RELIEF FROM STAY BECAUSE THE DEBTOR HAS NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION.**

11 U.S.C. Section 362 reads, in pertinent part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

    (2) with respect to a stay of an act against property under subsection (a) of this section, if--

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization.

In this case, both elements of Section 362, subsection (d)(2), are met.

**1. The Debtor Does Not Have Equity In The Property.**

A debtor's equity in real property is the difference between the property value and the

total amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).)

In this case, Debtor's Schedule A lists the value of the Property at $10,000,000. (Request for Judicial Notice, Exhibit C.) However, this value does not reflect the Property's present market value. On March 24, 2010, Geneva obtained an appraisal of the Property (the "Appraisal"). (Declaration of Lewis R. Warren, ¶ 2, Exhibit A.) According to the Appraisal, the value of a fee simple interest in the Property is $2,568, 215. (*Ibid.*) The Appraisal also states that the Property, even if fully entitled with all applicable permits for a development of eleven residential lots, has a value of $2,953,125. (*Ibid.*) Thus, the present value of the Property is significantly less than the $10,000,000 claimed in Debtor's Schedule A.

In addition to amount owed to Geneva, above, Debtor's Schedule D lists two additional creditors holding secured claims against the Property in the total amount of $1,198,000. Accordingly, relief from stay is proper unless the Debtor can establish that the Property is necessary for an effective reorganization.

**2. The Property Is Not Necessary For An Effective Reorganization.**

Since the Debtor does not have any equity in the Property, the dispositive issue is whether the Property is necessary for an effective reorganization. (11 U.S.C. § 362(d)(2)(B).) While a relief from stay hearing should not be converted into a plan confirmation hearing, a hearing to determine the confirmability of a debtor's plan is not necessary for the court to address the "effective reorganization" component of 11 U.S.C. § 362(d)(2)(B). (*In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 74 (9th Cir. BAP 1994).) The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan is not patently unconfirmable and has a realistic chance of being confirmed. (*Id.* at p. 75.) The burden of proof on a debtor in this regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) If the evidence indicates that a successful reorganization within a reasonable time is impossible, the court must grant relief from stay. (*Ibid.*)

///

-3-

It is not enough for the Debtor to simply argue that the automatic stay should continue because it needs the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); see also *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1988).) "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." (*Ibid.*) The lack of any realistic prospect for reorganization requires relief from stay. (*United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 376 (1988).)

In this case, Debtor has not made any payments to Geneva since December of 2008. (Declaration of Robert Williams, ¶ 4.) There is no indication of any financial prospects on the horizon that will permit Debtor to propose, much less carry out, an effective reorganization. Debtors Schedules demonstrate that it does not possess sufficient assets to make an effective reorganization a realistic possibility in the near future. (Request from Judicial Notice, Exhibit C.) The inevitable conclusion to be drawn from the totality of the facts of this case is that no reasonable prospect exists for reorganization of this Debtor in the near future. At most, all Debtor can offer is "high hopes" of a hypothetical development that will likely take well over a year to complete and for which the Debtor cannot demonstrate the financial ability to move forward with, much less finish. As such, it cannot be said that the Property is necessary to an effective reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); see also *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1988).) Accordingly, no basis exists to continue requiring Geneva to wait to enforce its rights under the Deed of Trust, and the Court must grant Geneva relief from stay.

**B. GENEVA IS ENTITLED TO RELIEF FROM STAY BECAUSE THIS IS A SINGLE ASSET REAL ESTATE CASE IN WHICH THE IN WHICH GENEVA'S CLAIM AGAINST THE DEBTOR IS SECURED BY THE PROPERTY.**

Bankruptcy Code Section 362(d)(3) provides that relief from stay shall be granted with respect to the stay of an act against single asset real estate by a creditor whose claim is secured by

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

an interest in such real estate unless, no later than 90 days after entry of an order for relief, or 30 days after the court determines that the debtor is subject to Section 362, subdivision (d)(3), whichever is later, the debtor either files a plan of reorganization that has a reasonable possibility of being confirmed, or commences monthly payments to the creditor. (11 U.S.C. § 362(d)(3).)

In this case, Debtor filed its bankruptcy petition on September 7, 2010. As such, the ninety-day period from the order for relief expires on December 6, 2010. On November 12, 2010, the Court determined that Debtor is subject to subdivision (d)(3) and, as such, the thirty-day period for that order expires on December 12, 2010. (Request for Judicial Notice, Exhibit B.) Debtor is not making any payments to Geneva. (Declaration of Robert Williams, ¶ 4.) Thus, unless Debtor files a plan of reorganization by December 12, 2010, that has a reasonable possibility of being confirmed, relief from stay must be granted. As stated above, there is no reasonable possibility that an effective reorganization can be accomplished in this case and, as such, any plan of reorganization filed by Debtor has no reasonable possibility of being confirmed. Therefore, relief from stay under Section 362(d)(3) is proper.

### III. CONCLUSION

Based upon the foregoing, the Geneva urges this Court to issue an order granting relief from the automatic stay to enable it to assert its rights under the Deeds of Trust secured by Debtor's real property described herein.

Dated: December 7, 2010         ABBEY, WEITZENBERG,
                                WARREN & EMERY, P.C.


                                By _____/s/_____
                                   Lewis R. Warren
                                   P.O. Box 1566
                                   Santa Rosa, CA 95402-1566
                                   Attorneys for Geneva Leasing Associates, Inc.

-5-