Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re                                        Case No. 10-13447

Sonoma Vineyards Estate, LLC            Chapter 11

        Debtor.
_____/

DEBTOR'S PLAN OF REORGANIZATION
(August 25, 2011)

This Plan of Reorganization (hereinafter this "Plan") is proposed by Sonoma Vineyard Estate, LLC ("the Debtor"). Through this Plan the Debtor seeks to resolve and reorganize its financial affairs. Please refer to the accompanying Disclosure Statement for a discussion of the history, assets and liabilities, and for a summary and analysis of this Plan. All creditors are encouraged to consult the Disclosure Statement before voting to either accept or reject this Plan.

Dated: August 25, 2011

                                             /s/ *Michael C. Fallon*
                                             _____
                                             Michael C. Fallon
                                             Attorney for The Debtor

# I

## Definitions

The following terms when used in this Plan shall, unless the context otherwise requires, have the following meaning:

"Administrative Expense" shall mean those expenses described in Section 503 of the Bankruptcy Code.

"Allowed Claim" shall mean a claim (a) for which a proof of claim was timely filed with the Court, or (b) scheduled in a list of creditors, or amendment thereto, prepared and filed with the Court pursuant to Rule 1007 of the Bankruptcy Rules of Procedure and not listed as disputed, contingent or unliquidated, and in either case as to which no objection has been filed or the claim is allowed by Final Order or deemed allowed by this Plan.

"Allowed Priority Claim" shall mean an allowed claim for which the holder asserts and is determined to be entitled to priority under Section 507 of the Bankruptcy Code.

"Allowed Secured Claim" shall mean an allowed claim that is secured by a valid lien on property of the Debtor. That portion of such claim exceeding the value of security held therefore shall be an allowed unsecured claim except as modified by this Plan.

"Allowed Unsecured Claim" shall mean an allowed claim against the Debtor which is not an allowed priority claim or an allowed secured claim.

"Bankruptcy Code" shall mean Title 11 of the United States Code and shall also include Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, or other court or forum as may be vested with original jurisdiction to confirm plans of reorganization under Chapter 11 of the Bankruptcy Code and to adjudicate matters with respect to such plans.

"Bar Date" shall mean the date established by the Bankruptcy Court for all creditors to file a Proof of Claim.

"Claim or Claims" shall mean a right to payment from the Debtor, which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or if a

proof of claim is not filed, a right which otherwise appears in the applicable schedules of the Debtor and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by Final Order of the Court pursuant to the terms of the Plan.

"Confirmation" shall mean entry of an order by the Bankruptcy Court confirming this Plan.

"Debtor" or "Debtor-In-Possession" shall mean Sonoma Vineyards Estate LLC

"Effective Date" shall mean the date the Order Confirming Plan becomes a Final Order.

"Estate" shall mean all of the Debtor's now existing legal or equitable interests in any nonexempt tangible or intangible property, whether real or personal.

"Final Order" shall mean an order or judgment of a court of appropriate jurisdiction as to which (i) an appeal has affirmed the order, (ii) an appeal of the order has been dismissed, (iii) the time for appeal has expired and a notice of appeal has not been filed timely.

"Lien" shall mean any charge against or interest in property of the Estate to Secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

"Net Proceeds of Sale" shall mean net sale proceeds after the payment of real property taxes due to the Sonoma County Tax Collector, real estate commissions and related costs of sale.

"Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, supplemented or modified.

"Sonoma Property" shall mean 58.5 acres, Sonoma, California.

## II

### Introduction

This Plan designates five (5) classes of Claims, other than administrative fees and expenses, claims of governmental units and wage claims which are unclassified, and it specifies which of those classes are impaired by the Plan and which classes are not impaired. The Plan provides the means for its implementation by vesting the assets of the Estate in a Liquidating

Agent on the Effective Date of the Plan and providing for the liquidation of the assets as provided in the Plan. The manner, amount, and timing of distributions to each creditor is determined by the provisions of the Plan. The provisions of the confirmed Plan bind the Debtor, and the creditors of the Debtor, whether or not they have accepted the Plan and whether or not they are impaired by the Plan. Distributions under the Plan are in exchange for, and in complete satisfaction of, existing Claims and will discharge and release all such Claims and Liens as against the Debtor, except as otherwise provided in the Plan. On and after the Effective Date, all holders of impaired Claims and Interests shall be precluded from asserting any Claim against the Debtor or his property based on any transaction or other activity of any kind that occurred prior to commencement of the case, except as otherwise provided for under this Plan.

III

Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

Class 1 - Geneva Leasing

Class 2 - Charter Oak Bank or successor

Class 3 - Riechers Spence Associates

Class 4 - Allowed Unsecured Claims

Class 5 - The Members

//

//

//

## IV

### Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of the Office of the United States Trustee shall be distributed on the Effective Date. Payments on account of the Office of the Internal Revenue Service and the State of California, if any, shall be paid in full, plus statutory interest, in sixty (60) equal monthly installments commencing the 15th day of the first month following the Effective Date, and continuing on the 15th day of each month thereafter until paid in full.

## V

### Treatment and Provision for Each Class of Claims

Each class of Claims or interests shall be dealt with in the manner set forth below.

Unimpaired Classes:

Class 5. The Members: The Members shall retain their interest in the Debtor.

Impaired Classes

Class 1: Geneva Leasing. Shall be paid in full upon the sale of the entirety and shall remain the owner of the property until paid in full as provided in the March 2011 agreement.

Class 2: Charter Oak Bank or it's successor. Shall be paid in full upon the sale of the entirety.

Class 3. Riechers Spence Associates. Shall be paid in full upon the sale of the entirety.

Class 4: General Unsecured Creditors: The Allowed Claims of the General Unsecured Creditors shall be paid in full upon the sale of the entirety.

//
//
//
//

# VI

## Implementation of the Plan

A. Vesting.

On the Effective Date property of the Estate shall be transferred to, and shall vest in the Debtor subject to the interests evidenced by the Security Interest and Liens preserved under the Plan and the Security Interest and Liens provided in the Plan. After the Effective Date, the Debtor may use, lease, license, transfer, sell, refinance, encumber, hypothecate, or dispose of any property. As of the Effective Date, all property vested in the Debtor shall be free and clear of all Claims of creditors, except the obligations that are imposed or preserved by this Plan.

B. Means of Funding the Plan.

(i) Sale of the Entirety

<u>Listing Agreements</u>   The debtor shall retain a California Licensed Real Estate Broker who regularly participates in the listing and sale of property similar to the Sonoma Property. The listing agreement shall be in a form commonly used for similar transactions in Sonoma County.

<u>Marketing/List Price</u>   The Real Estate Broker shall market the Sonoma Property for sale in a manner that is consistent with standard practices in the industry. The list price for the Sonoma Property shall be determined by the Real Estate Broker with the advice and consent of the members with the objective of maximizing the payment to the unsecured creditors.

<u>Compensation</u>   The Real Estate Broker shall receive compensation as may be agreed between the members and the Real Estate Broker not to exceed the commission structure in like real estate sales in Sonoma County.

<u>Closing Costs</u>   Closing costs shall be shared by the Debtor and the buyer as may be agreed between the Debtor and the buyer.

<u>Dual Agency</u> The real estate broker may participate in the sale as a dual agent, representing both the Debtor and the buyer as permitted under California Law.

<u>Court Supervision of Sale</u>   The Debtor does not need Court approval to consummate a sale.

5

Case: 10-13447    Doc# 59    Filed: 08/30/11    Entered: 08/30/11 08:10:15    Page 6 of 9

(ii) Development.

The members of Sonoma Vineyard Estates LLC will advance fifty percent of the cost to the site planner, architect, engineer and planner to obtain the necessary approvals from Sonoma County for a tentative map on the estate lot subdivision that is described in the Disclosure Statement with Geneva advancing the other fifty percent pursuant to the terms of a confidential settlement agreement dated March 9, 2011. The costs are to be repaid upon the sale of the property with the tentative map.

C. Management.

Tim Wilkens will continue to manage the affairs of the Debtor.

D. The Office of the United States Trustee

The Debtors shall comply with all rules established by the Office of the United States Trustee including, but not limited to, the timely filing of quarterly operating reports and the timely payment of quarterly fees.

E. Post-Confirmation Reporting Information

The Reorganized Debtor shall file post-confirmation status reports ("Report") with the Court explaining the progress made towards substantial consummation of the confirmed plan of reorganization. A copy of the Report shall be served on the United States Trustee, not later than the date filed with the Court. The report shall include information sufficiently comprehensive to enable the court to determine (a) whether the order confirming the plan has become final: (b) whether deposits, if any, required by the plan have been distributed' (c) whether any property proposed by the plan to be transferred has been transferred; (d) whether the Reorganized Debtor has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have been commenced; (f) whether accrued fees due to the UST pursuant to 28 U.S.C. § 1930(a)(6) to the date of the Report have been paid; and (g) whether all motions, contested matters, and adversary proceedings have been finally resolved. The first report shall be filed for that portion of the calendar quarter from the date of confirmation until the end of the quarter, and subsequent reports shall be filed and the expiration of each calendar quarter thereafter until the case is dismissed, converted, or a final decree is entered. Reports

shall be filed with the Court and served on the UST not later than twenty-one (21) days after expiration of the reported period.

E.  The Final Decree.

The Debtor may apply for the entry of a Final Decree when it has substantially consummated this plan.

## VII

## Default

The Debtor shall pay each Allowed claim as provided by the Plan, and the failure of the Debtor to pay any particular Allowed Claim within the time, or in the manner or amount provided by the Plan shall constitute a default in performance of the Plan.  If the default is not cured within ten days of such written notice of default, then the party giving the written notice may either (1) pursue its remedies under the laws of the State of California, or (2) file a motion in the Bankruptcy Court to convert the case to Chapter 7.   In the event this Chapter 11 case is converted to Chapter 7 after confirmation of the Plan, all assets of the Debtor shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

## VIII

## Reservation of Claims and Defenses

All claims and defenses, including objections to claims, that existed prior to confirmation, the Reserved Claims and Defenses are reserved in the Debtor.  The Retained Claims and Defenses shall consist of any and all claims, interest, causes of action, defenses, counter claims, cross claims, third party claims, or rights of offset, recoupment, subrogation, or subordination held by the Debtor or the bankruptcy estate, including, but not limited to, any claims pursuant to Bankruptcy Code Sections 502, 544, 545, 547, 548, or 549, any avoiding powers arising under the Bankruptcy Code or other applicable law and any claims or causes of action.  None of the Retained Claims or Defenses shall be barred or estopped because the Plan or the Disclosure Statement does not specifically identify or describe a Retained Claim or Defense or the person against whom a retained claim or defense may be asserted.

## IX

Executory Contracts

All of the Executory Contracts scheduled by the Debtor are assumed by the Debtor and shall be performed without modification.

X

Retention and Jurisdiction By the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction for the following purposes:

1. The allowance or disallowance of Claims;

2. The rejection, pursuant to sections 365 and 1123 of the Bankruptcy Code, of executory contracts or unexpired leases in accordance with Article VI of the Plan;

3. Resolution of controversies or disputes regarding requests for payment of Administrative Claims, compensation of Professionals, or the costs and expenses allowed under the Plan;

4. The Resolution of controversies or disputes regarding the interpretation of any provision of the Plan;

5. The Implementation of the provisions of the Plan and the entry of orders in aid of confirmation or consummation of the Plan;

6. Modification of the Plan pursuant to section 1127 of the Bankruptcy Code;

7. Adjudication and determination of any fraudulent conveyance and preference claim under the Bankruptcy Code or under any other applicable law, including but not limited to claims under Bankruptcy Code sections 542, 543, 544, 545, 547, 548 or 549.

8. Adjudication of any causes of action belonging to the Estate or to the Committee to the extent permissible under sections 1334 and 157 of title 28 of the United States Code;

9. Entry of an order closing this Chapter 11 case and of a final decree herein; and

10. Any other matter necessary or appropriate for the completion or the implementation of this Plan or the foregoing items.

Dated: August 25 2011                    /s/ *Michael C. Fallon*

_____
Michael C. Fallon
Attorney for the Debtor