# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

Sonoma Vineyard Estates LLC,   No.: 10-13447

**FILED**
August 31, 2011
U.S. Bankruptcy Court
Santa Rosa, Division

Debtor(s). _____/

## ORDER ESTABLISHING PROCEDURES FOR DISCLOSURE STATEMENT HEARING AND CONFIRMATION HEARING

Unless otherwise ordered, the plan proponent shall comply with the following procedures:

### Disclosure Statement

1. If the plan and disclosure statement were not filed electronically, copies shall immediately be e-mailed to chambers_orders@canb.uscourts.gov.

2. The plan proponent shall notice the hearing, using mailing labels obtained from the court. The notice shall provide for at least 28 days after service for the filing of objections, and require that objections be filed and served at least seven days before the hearing.

3. Proof of service shall be filed with the plan, disclosure statement and notice.

4. Three days prior to the hearing, the plan proponent shall advise the courtroom deputy (547-5920) whether the matter will go forward.

5. No witnesses or briefs in support of the disclosure statement are necessary.

6. Disclosure statement hearings must be continued on the record. A telephonic appearance may be made to continue a hearing if all persons who have filed objections consent to continuance.

7. No disclosure statement shall be approved over any objection unless the parties have met and conferred. The meeting must be in person, not be by telephone and shall be at the premises of counsel for the proponent or at the court before the hearing. If the plan proponent serves a copy of this order on an objecting party and that party refuses to meet and confer and fails to obtain an order excusing compliance, its objection will be summarily overruled.

## **Confirmation Hearing**

8. Confirmation hearings shall be set on any law and motion calendar, provided 28 days notice of the last day to object has been given. Service shall be made using mailing labels obtained from the court. Proof of service shall be filed with the notice.

9. As soon as possible the proponent shall file a ballot summary broken down by impaired class. It shall also identify any unimpaired classes and state the reason that each class is deemed unimpaired. All ballots timely received shall be attached to the summary.

10. Three days prior to the hearing, the plan proponent shall advise the courtroom deputy (547-5920) whether the matter will go forward and whether it is contested.

11. If the plan is uncontested, a witness shall be present who may be called to testify if the court declines counsel's offer of proof as to confirmability. If the plan is contested, the hearing will be treated as a scheduling conference and the court will set a further hearing date and briefing scheduled, as appropriate; no witnesses are required. If all objections are worked out by the hearing date, the matter will proceed as uncontested.

12. Confirmation hearings can be continued only on the record. A telephonic appearance may be made to request a continued hearing if all parties who have filed objections consent to the continuance.

13. The plan proponent shall serve a copy of this order on every person who files a timely objection to either a disclosure statement or a plan immediately upon receiving such objection.

14. Failure to fully comply with this order may result in dropping of the matter from calendar or other sanctions, including monetary fines.

Dated: August 31, 2011



Alan Jaroslovsky
U. S. Bankruptcy Judge